UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LAWYERS TITLE INSURANCE CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>MERIT TITLE COMPANY, LLC, et al<br><br>Defendants. | Civil Action No. 1:08-CV-00275 |

**LAWYERS TITLE'S SUPPLEMENT TO THE OPPOSITION TO THE MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY**

COMES NOW, plaintiff Lawyers Title Insurance Corporation ("Lawyers Title"), by counsel, to supplement its opposition to the Motion to Dismiss, filed by defendants Merit Title Company, LLC ("Merit Title") and Brenda Hopkins ("Hopkins") in order to correct an erroneous statement of fact, and states as follows:

1. Both the Complaint, par.13 and Statement of Fact #5 in support of the Opposition to the Motion to Dismiss assert that, "Merit Title issued Lawyers Title policies to SFC and SMC."

2. Based on Brenda Hopkins' deposition in the <u>Tucker v. Swain</u> litigation and upon discussions with defendants' counsel, it appears that Merit Title never actually issued a title insurance policy to SMC or SFC. Apparently, Merit Title requested a title commitment for these parties, but never issued a title commitment, let alone a policy, to either. At closing, Merit Title did collect a premium for the title policies, but Merit Title never remitted those premiums to Lawyers Title.

3. The correction of these erroneous statements of fact should not alter the Court's analysis with respect to its decision on the Motion to Dismiss.

4. On Thursday, April 10, 2008, Lawyers Title requested the defendants' consent to amend the Complaint to correct paragraph 13 of the Complaint and to file this supplement to Lawyers Title's Opposition to the Motion to Dismiss. On Monday, April 15, 2008, defendants' counsel indicated in a telephone conversation that he might consent to these requests, but was still wanted to discuss this matter further with his client.

5. Lawyers Title will wait a few more days before filing a motion to amend, to afford defendants' counsel an opportunity to consent to the motion. Assuming the court allows Lawyers Title to amend to correct paragraph 13 of the Complaint, the correction should not alter the court's analysis with respect to the Motion to Dismiss.

WHEREFORE, Lawyers Title, by counsel, respectfully requests that the Court deny the Motion to dismiss or to stay. If the Court grants the motion due to the abstention doctrine, the court should transfer the case to the D.C. Superior Court to avoid prejudicing Lawyers Title, if it has any authority to do so.

Respectfully submitted,

/s/ - Raighne C. Delaney
Raighne C. Delaney, D.C. Bar # 454761
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, VA 22201
(703) 525-4000
Counsel for Plaintiff

<u>Certificate of Service</u>

      I hereby certify that a copy of the foregoing pleading was served by facsimile and by U.S. mail, first class mail, postage prepaid, this 16th day of April 2008, on:

Kenneth D. Bynum
Bynum & Jenkins, PLLC
901 North Pitt St., Suite 320
Alexandria, Virginia 22314

                                          <u>/s/ - Raighne C. Delaney</u>
                                          Raighne C. Delaney