UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS TITLE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> MERIT TITLE CO., LLC, et al., <br><br> Defendants. | Civil Action 08-00275 (HHK) |

AMENDED MEMORANDUM OPINION AND ORDER

Lawyers Title Insurance Corp. ("Lawyers Title") brings this action for damages against defendants Merit Title Company, LLC ("Merit") and Brenda Hopkins alleging that defendants are in breach of contract for failing to indemnify Lawyers Title for costs associated with a fraudulent real estate transaction. Before the court is the motion of the defendants to dismiss, or in the alternative to stay [#2].

Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be denied.

I. BACKGROUND

Lawyers Title entered into a contract with Brenda Hopkins through an agency agreement signed in 1992. Several years later, Hopkins replaced her name in the agency agreement with that of Merit. Hopkins is the sole member of Merit. Under the Terms and Conditions of the Agency Agreement, Merit agreed that:

> Agent shall be liable and agrees to indemnify and save harmless Principal for all attorney's fees, court costs, expenses, liability, damage, and loss or aggregate of losses resulting from acts or omissions of Agent . . .

Pl.'s Ex. 1 at 28.

In 2005, Lion Real Estate Development & Management, LLC ("Lion") acquired the illegitimate title to a property owned by Eugene and Josie Tucker. Imposters allegedly appeared as the Tuckers and signed the deed in the Tuckers' names. Several months later Lion sold the same property to David Swain who financed the purchase with mortgages from two lending institutions. Hopkins closed both transactions and collected a premium for the issuance of Lawyers Title insurance policies from both of Swain's lenders, but never actually issued the insurance policies to them. Hopkins has now deposited those premiums with the Clerk of the Superior Court of the District of Columbia.

The Tuckers sued Swain and his lenders in the Superior Court of the District of Columbia to clear title on their property. *See Tucker v. Swain*, 05-cv-0004890 (D.C. Super. Ct.). Although Lawyers Title was not a party to the *Tucker* suit, it undertook its contractual obligation to defend the two lenders against demands asserted by the Tuckers, and paid both lenders' losses. In the *Tucker* case, the two lenders filed a cross-claim asserting negligence claims against Merit for allegedly failing to identify or prevent the fraudulent real estate transaction. That claim remains pending before the Superior Court.[1]

Lawyers Title filed this suit because defendants purportedly failed to indemnify Lawyers Title for costs related to the *Tucker* case.

## ANALYSIS

Alleging that the *Tucker* case deals with the same substantive issues and involves the same pertinent parties as are involved here, defendants move to dismiss, or in the alternative to stay, this action due to the Superior Court's asserted concurrent jurisdiction. Defendants argue

---

[1] On the same day that defendants filed their motion to dismiss in this court, they also purportedly filed to join Lawyers Title to the *Tucker v. Swain* case pending before the Superior Court.

that moving forward with parallel litigation in separate forums is improper because it is an inefficient and wasteful use of judicial resources.  Lawyers Title rejoins that it is not a party to the Superior Court suit referred to by defendants, thus, there is no parallel litigation that would warrant dismissal or stay of this action.

Federal Courts have a general duty to adjudicate controversies properly before them.  *See Reiman v. Smith*, 12 F.3d 222, 223 (D.C. Cir. 1993).  Despite this "unflagging obligation," the Supreme Court has articulated various exceptions setting forth when a federal court may abstain from exercising jurisdiction.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (discussing exceptions to the duty to exercise jurisdiction).  One of these exceptions permits a district court to abstain from exercising jurisdiction in certain exceptional circumstances of parallel, duplicative litigation in the interest of sound "judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817.  However, abstention is a very narrow exception to the rule, and the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction.  *Id.*

The abstention doctrine established in *Colorado River* is really a doctrine of comity, "[c]reated to assure judicial efficiency and to reflect abiding respect for other courts."  *Consumers Union v. Consumer Product Safety Commission*, 590 F.2d 1209, 1219 (D.C. Cir. 1978), *rev'd on other grounds*, 445 U.S. 375 (1980).  As the court in *Consumers Union* asserts, comity does not contemplate abstention from jurisdiction in one court when a party is absent from a separate suit pending before another court.  *Id*. (collecting cases from the U.S. Supreme Court and Circuit Courts).  Accordingly, the *Colorado River* doctrine of abstention requires that parallel litigation involve the *same parties* before both courts.  *See generally Will v. Calvert Fire Ins. Co.*, 437 U.S.

3

655 (1978); *Handy v. Bransford*, 325 F.3d 346 (D.C. Cir. 2003); *Foster-el v. Beretta U.S.A. Corp.*, 163 F. Supp. 2d 67 (D.D.C. 2001).

Defendants argue that civil action *Tucker v. Swain* is a suit pending before the Superior Court that is parallel to this suit brought by Lawyers Title.  While it is true the two suits share a similar set of pertinent facts, defendants fail to demonstrate that the two suits involve the same parties.  Defendants purport they moved to join Lawyers Title to the *Tucker* case.  However, nothing in the record demonstrates that Lawyers Title has been joined to the pending litigation in the Superior Court or that there exists any guarantee Lawyers Title will be joined in the future. Because Lawyers Title is not a party to the *Tucker* case, there is no parallel litigation that would justify this court in abstaining from jurisdiction.

## III. CONCLUSION

For the foregoing reasons, it is this 17th day of April 2008, hereby

**ORDERED**, that defendants' motion to dismiss, or in the alternative to stay, is **DENIED**.

Henry H. Kennedy, Jr.
United States District Judge