IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWYERS TITLE INSURANCE
CORPORATION,

      Plaintiff,

v.

MERIT TITLE COMPANY, LLC., et al.,

      Defendants.

Civil Action No. 1:08-CV-00275

## LAWYERS TITLE'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT MERIT TITLE COMPANY, LLC

To:   Merit Title Company, LLC.
      c/o Kenneth D. Bynum
      Bynum & Jenkins, PLLC
      901 North Pitt Street, Suite 320
      Alexandria, Virginia 22314

      Lawyers Title Insurance Corporation ("Lawyers Title"), the Plaintiff, pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves the following Interrogatories on Merit Title Company, LLC. ("Merit Title" or "You"), the Defendant, to be answered within thirty (30) days in writing and under oath in accordance with said Rule:

### INSTRUCTIONS

      a.     Where the identity or name of a person (or entity) is requested, or where you are asked to "identify" a person, indicate the full name, home address, business address, and business and home telephone numbers of such person (or entity).

      b.     Unless otherwise indicated, these Interrogatories refer to the operative period referred to in the Complaint.

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

    c.    Where knowledge or information in possession of a party is requested, such request indicates knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, his attorneys.

    d.    The terms "give complete details", "describe," "detail," "identify" or "indicate" as used herein require that each and every discoverable fact be communicated with particularity, including, but not limited to, the identity of all persons who participated in, contributed to and/or witnessed any discoverable fact and what facts each participated in, contributed to and/or witnessed.  Where you are asked to describe or identify a document or thing, please respond with such particularity so that your description would be sufficient for a Motion to Produce.

    e.    The pronoun "you" refers to the party to whom these Interrogatories are addressed, and those persons mentioned in clause c above.

    f.    Where appropriate, the masculine gender may be considered to be substituted for the feminine gender or vice versa, and the singular may be considered to be substituted for the plural or vice versa.

    g.    For each Interrogatory asserted to be objectionable, the Interrogatory shall be identified and the basis for such objection shall be stated.  As to the part or portion of the Interrogatory to which no objection is made, a full and complete response shall be made.

    h.    Should an Interrogatory be objected to on the ground that it is not relevant, the objection shall explain in detail the basis for the contention that the information sought is not likely to lead to admissible evidence.

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.          Civil Action No. 1:08-CV-00275

i.  If an Interrogatory herein cannot be answered in full, it shall be answered to the extent possible, with an explanation as to why a full answer cannot be given.

j.  If in answering these Interrogatories you encounter any ambiguities construing either a question, definition or instruction, set forth the matter deemed ambiguous and the construction used in answering.

k.  If any information called for by these Interrogatories is withheld under a claim of privilege, state the basis upon which the privilege is claimed, and describe in detail the facts upon which you rely for your claim of privilege.

l.  If the answer to any Interrogatory is that you lack knowledge of the requested information, describe all efforts made by you to obtain the information necessary to answer the Interrogatory.

m.  You are under a duty pursuant to Rule 26 (e)(2) of the Federal Rules of Civil Procedure seasonably to amend any response to an interrogatory if you learn that your response is in some materil respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Lawyers Title during the discovery process or in writing.

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.          Civil Action No. 1:08-CV-00275

## **DEFINITIONS**

1.  "Answer" shall mean the Answer filed in this suit or action.

2.  "Complaint" shall mean the Complaint filed in this suit or action.

3.  "Documents" shall mean the originals and copies of any and all communications, any and all writings of any kind or type whatsoever, and any and all tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced or reproduced in any other manner, including, but not limited to, books, memoranda, inter-departmental memoranda and other communications, pamphlets, records, letters, work papers, each and every draft or version of electronic data compilations, computer disc and/or memory data, "E-Mail" or other electronic bulletin board messages, computer back up files, diaries, appointment books, calendars, microtapes, microfilms, microfiches, telegrams, cables, wires, correspondence, interoffice communications, reports, notes, minutes and recordings, electronic tape recordings, videotape recordings, stenographically or otherwise reproduced items, assignments, contracts, agreements, warranties and other official documents and legal instruments, graphs, charts, published material of any kind, travel reports and vouchers, expense accounts and vouchers, ledgers, financial statements, reports of worksheets, schedules, inventories, invoices, checks, receipts, files, incident or investigation reports, proposals, billings, feasibility studies, plans, estimates and projections now or at any time in your possession, custody or control and/or any of your agents, employees, attorneys, affiliates or employees in privity with you; and refers both to originals and copies and to documents which you may have delivered to a third party.

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.                Civil Action No. 1:08-CV-00275

4. "Identify", when used in reference to a document, means state the date and title of the document; the author or person or persons who prepared it; the type of document (e.g., letter, memorandum, telegram, chart, form, et cetera); its present location and custodian; a summary of its principal purpose or provisions; the subject matter thereof; if a contract or agreement, the parties thereto, the dates of all modifications and amendments, and the date, if any, upon which it was terminated. In lieu of stating the foregoing, a document may be identified by the production of a true and complete copy thereof in accordance with the Request for Production of Documents served together herewith. If the document was, but no longer is in your possession, custody or control, state what disposition was made of it.

5. "Identify" or "detail", when used in reference to an individual or entity or business firm, means state his full name and present address, his present or last known position and business affiliation, his home and business telephone number, and his position and business affiliation during the time in question.

6. "Identify" or "detail", when used in reference to an act, transaction, action or instance, means state the date and time when it occurred, the place where it occurred, the identity of each person participating therein, on whose behalf each said person participated, or purported to participate, the nature, subject matter, and circumstances surrounding it and the nature and substance of all communications occurring during or in connection with it. "Identify" or "detail", when used in reference to a communication, means state the date, time and place at which it was transmitted and received, the parties who transmitted and received the communication and the individuals acting on their behalf, the media of communication (e.g., face-to-face conversation,

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.　　　Civil Action No. 1:08-CV-00275

telephonic conversation, video image, radio, et cetera), and a true and complete description of the substance of the exchange or conversation.

7.　　"Itemized Statement" means a detailed statement showing each item of the total claim, counterclaim or offset to which the itemized statement relates. In connection with damage claims, an itemized statement means a separate statement, for of each kind of damages you claim, showing the kind of damage or injury, the date on which each loss occurred, the amount of damages sustained on each particular date and your basis for calculating each separate item of damages. If your damage claims include amounts paid to a third party or parties, state the date of each such payment, the amount of each such payment, the payee of each such payment and the goods or services received by you in exchange for the payment. If your damage claims include amounts for the loss or diminution in value of real or personal property, state the date of the loss, the reason for the loss, the amount of the loss and the basis on which you determined the amount of the loss. If your damage claims include interest, state the amount of interest, the date or dates between which interest accrued, the applicable rate or rate of interest, the principal amount on which interest is claimed, and the basis for which you determined the principal amount, the applicable interest rate, and the dates on which interest accrued.

8.　　"Agency Agreement" shall mean the Agency Agreement identified as Exhibit 1 in paragraph 7 of the Complaint.

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

## INTERROGATORIES

1. Identify each individual who has knowledge of any fact related to the matters alleged in your Answer, and detail the kinds of facts of which each such person has knowledge.

ANSWER:

2. Identify each person who provided information used in the preparation of the answers to these Interrogatories, and detail the matters on which each such person has personal knowledge.

ANSWER:

3. Identify all documents of which you are aware that relate to the transaction referred to in the Complaint or in the Answer, and detail the location and custodian of each such document.

ANSWER:

4. Identify each person whom you expect to call as an expert witness at the trial of this case and, with respect to each person so identified, state the subject matter on which he/she is expected to testify, the substance of the facts and opinions to which each is expected to testify, and provide a summary of the grounds for each opinion.

ANSWER:

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.          Civil Action No. 1:08-CV-00275

5. Identify each communication between you and any third party relating to matters alleged in the Complaint or in the Answer.

ANSWER:

6. Detail any other present, past or anticipated litigation or dispute concerning the subject matter of the Complaint or the Answer, including but not limited to the case or claim number, jurisdiction, date of filing, style of case, the identity of your attorney or representative, and the current status of the matter.

ANSWER:

7. If you object to producing any document requested in the Lawyers Title's First Request for Production of Documents, detail the following information as to each document that you do not agree to produce: the author; the date of the document; the kind of document; the title of the document (if the document has a title); the addressee (if the document has an addressee); the identity of all persons who received copies of the document; a brief description of the subject matter of the document (without revealing any privileged information); and an explanation of the basis for any claim of privilege concerning the document.

ANSWER:

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.          Civil Action No. 1:08-CV-00275

8. If any or all documents responsive to Plaintiff Lawyers Title's First Request for Production of Documents to Merit Title are no longer in your possession, custody, or control because of destruction, loss, or any other reason, with respect to each and every such document: identify the document; state in as much detail as possible the contents of the document; and state the manner and date of the disposition of the document.

ANSWER:

9. If any person carrying on an insurance business might be liable to satisfy part of all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person might be liable, and describe any question or challenge raised by that person relating to the coverage for this action.

ANSWER:

10. If you contend that Merit is not obligated to indemnify Lawyers Title as alleged in Paragraph 21 of the Complaint, detail your factual basis for any such contention, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.          Civil Action No. 1:08-CV-00275

11. If you contend that the closing of the fraudulent transaction described in paragraph 11 of the Complaint did not result from an "act or omission" of Merit, as defined in Section 4 of the Additional Terms and Conditions to the Agency Agreement, detail your factual basis for any such contention, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:

12. State whether you issued Lawyers Title policies to SFC, LLC or Southern Management Corporation Retirement Trust as alleged in Paragraph 13 of the Complaint.

ANSWER:

13. If you contend that you did not fail to exercise reasonable care in the closing of the property as alleged in Paragraph 26 of the Complaint, detail your factual basis for any such contention, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:

14. If you contend that Merit did not owe a duty of reasonable care to Lawyers Title to identify fraudulent real estate transactions and to avoid participating in or furthering fraudulent schemes, detail your factual basis for any such contention, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

ANSWER:

15.  Detail the factual basis for your contention in your First Affirmative Defense that you owed no legal duty to Lawyer's Title based upon the fraudulent conduct of several imposters and other fraudulent activity, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:

16.  Detail the factual basis for your contention in your Second Affirmative Defense that this Court lacks subject matter jurisdiction over the matter, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:

17.  Detail the factual basis for your contention in your Third Affirmative Defense that this Court lacks personal jurisdiction over both defendants, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:

18.  Detail the factual basis for your contention in your Fourth Affirmative Defense that this case is barred by the statute of limitations, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

Bean, Kinney & Korman
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.          Civil Action No. 1:08-CV-00275

ANSWER:


19.    Detail the factual basis for your contention in your Fifth Affirmative Defense that this case is barred by laches, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:


20.    Detail the factual basis for your contention in your Sixth Affirmative Defense that this case is barred by the statute of limitations, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:


21.    Detail the factual basis for your contention in your Seventh Affirmative Defense that there is no breach of contract as there was no valid underlying contract, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:


22.    Detail the factual basis for your contention in your Eighth Affirmative Defense that Lawyer's Title's claim is based upon an uninsurable risk, identifying all documents relating to and all persons with knowledge of any fact relating to your answer.

ANSWER:

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.　　　Civil Action No. 1:08-CV-00275

　　　　The purpose of the foregoing Interrogatories is to have you reveal everything presently known to you which bears on the allegations set forth in the Complaint or in the Answer upon which you rely as a basis for the instant litigation, or that bears on your refusal to admit or your qualification of any responses to defendant's request for admissions.  The undersigned party at the time of trial will move the court for an order excluding from evidence all tangible or intangible things known to you at the time of your responses to these interrogatories not disclosed in your responses thereto.

　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　/s/- Raighne C. Delaney
　　　　　　　　　　　　　　　　　Raighne C. Delaney, #454761
　　　　　　　　　　　　　　　　　BEAN, KINNEY & KORMAN, P.C.
　　　　　　　　　　　　　　　　　2300 Wilson Boulevard, 7th Floor
　　　　　　　　　　　　　　　　　Arlington, Virginia 22201
　　　　　　　　　　　　　　　　　(703) 525-4000
　　　　　　　　　　　　　　　　　(703) 525-2207 (Fax)

　　　　　　　　　　　　　　　　　Counsel for Plaintiff
　　　　　　　　　　　　　　　　　Lawyers Title Insurance Corporation

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.   Civil Action No. 1:08-CV-00275

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, a copy of the foregoing and annexed pleading was served by mailing a copy thereof by first class mail, postage prepaid, to:

Kenneth D. Bynum
Bynum & Jenkins, PLLC
901 North Pitt Street, Suite 320
Alexandria, Virginia 22314
Counsel for Defendant

/s/- Raighne C. Delaney
Raighne C. Delaney