IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWYERS TITLE INSURANCE
CORPORATION,

      Plaintiff,

v.

      Civil Action No. 1:08-CV-00275

MERIT TITLE COMPANY, LLC., et al.,

      Defendants.

## PLAINTIFF LAWYERS TITLE INSURANCE CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT BRENDA HOPKINS

TO:    Brenda Hopkins

      c/o   Kenneth D. Bynum
           Bynum & Jenkins, PLLC
           901 North Pitt Street, Suite 320
           Alexandria, Virginia 22314

      The Plaintiff, Lawyers Title Insurance Corporation ("Lawyers Title"), by counsel, and, pursuant to Rule 34 of the Federal Rules of Civil Procedure, serves the following Request for Production of Documents, and requests that the Defendant, Brenda Hopkins ("Hopkins" or "you"), produce the documents specified below for inspection and/or copying at the offices of Bean, Kinney & Korman, P.C., 2300 Wilson Boulevard, 7th Floor, Arlington, Virginia 22201, within thirty (30) days from receipt of this Request for Production of Documents, in accordance with said Rule.

## INSTRUCTIONS

      1.    To the extent that privilege is claimed with respect to any document covered by this Request for Production of Documents, or to the extent that the document is withheld on the grounds

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.          Civil Action No. 1:08-CV-00275

that the same constitutes work product, or is for any other reason claimed to be exempt from

discovery, Merit Title is requested to state with respect to each such document the following as

applicable:

a.  The author of such document.

b.  To whom said document is addressed.

c.  The date upon which said document was prepared.

d.  The title or heading of said document.

e.  The type of document (e.g. handwritten note, memorandum, tape recording, journal, desk calendar, books of account, etc.).

f.  Any other information which might be necessary to describe such document sufficiently for a designation thereof.

g.  The present location and custodian of such document.

h.  The grounds for withholding the document and/or claiming privilege.

2.  Except as otherwise specified in a particular Request, this Request for Production of Documents is limited in time to events occurring during the operative time referred to in the Complaint. Where responsive materials are organized in your files by year, they should be produced organized by year with respect to each Request.

3.  If you believe that any of the following discovery requests call for information or documents subject to a claim of privilege, or you otherwise object to production of all or part thereof,

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

answer or produce so much as is not objected to, state that part of each discovery request as to which you raise objection and set forth the basis for your claim of privilege with respect to such information as you refuse to give, including a statement identifying the nature of the information withheld; for each document as to which you claim privilege, state the date and subject matter of the document, the name(s) of the person(s) who prepared the document and the names(s) of the person(s) for whom the document was intended.

4.      The Request for Production of Documents is continuing in character, requiring you to file supplemental responses should circumstances change, or should you acquire new or different information during the pendency of the case, whether before, during or after trial.  Rule 26(e) requires you to supplement any incomplete or incorrect response if the additional or corrective information has not otherwise been made known to Lawyers Title during the discovery process or in writing.

5.      In complying with this Request for Production of Documents, you are required to produce all responsive documents which are in your possession, custody or control, whether held by you or your past or present agents, employees, and representatives, including but not limited to partners, officers, directors, employees, paralegals, associates, of counsel, auditors, accountants, brokers, investment advisors, and outside legal counsel, wherever located.  You are also required to produce documents that you have a legal right to obtain, documents that you have a right to copy or have access to, and documents that you have placed in the temporary possession, custody or control of any third party.

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

6.    Each document produced shall be specifically identified with the specific request made herein and shall be produced in the form which renders the document susceptible of copying.

7.    Documents produced in response to this Request shall be produced together with copies of file labels, dividers or identifying markers with which they were associated when this request was served.

8.    It shall not be a basis for refusal to produce that any defendant or plaintiff also possesses copies of the same documents.

9.    If the information requested to be produced is available in machine readable form (such as punch cards, paper or magnetic tapes, drums, disks or core storage), state the form in which it is available and describe the type of computer or other machinery required to read the record.  If the information requested is stored in a computer, indicate whether you have an existing program which will print the record in a readable form and identify the person(s) who are familiar with the program.  If such a program is copyrighted and the licensing agreement precludes distribution of copies without the permission of the licensor or author, identify the name of the program, the licensor and author, and the beta number of any versions of the program used by you.  If no program exists, state whether you could develop one or whether an existing program could be modified to print the records in a readable form.

10.    If any document requested was formerly in your possession, custody or control has been lost or destroyed, submit in lieu of each such document a written statement which:

    a.    identifies the document; and

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

      b.     states when and how the document was lost or destroyed and, if destroyed, identifies each person having knowledge concerning such destruction or loss and the person(s) requesting and performing any destruction, states the reasons therefore, and identifies (as in (a) above) each document evidencing the document's prior existence and/or facts concerning its destruction.

11.     If any E-Mail, computer, electronic, and/or written information has been deleted, destroyed, erased, or otherwise altered or eliminated, give complete details of the information that was originally reflected or recorded, the date it was recorded, the method that was used to alter or eliminate it, the person(s) who are aware of its contents and/or the circumstances of its alteration or elimination, and the computers, discs, shredders, systems, hard drives, and/or systems where it was recorded, stored, and/or altered or eliminated.

12.     If any request herein cannot be complied with in full, it shall be complied with to the extent possible, and you should explain why full compliance is not possible.

## DEFINITIONS

1.     As used herein, the term "documents" means the originals and copies of any and all communications, any and all writings of any kind or type whatsoever, and any and all tangible things or items, whether handwritten, typed, printed, tape recorded, electronically

Request for Documents (Hopkins).wpd                    5

recorded, video-tape recorded, visually reproduced, stenographically reproduced or reproduced in any other manner, whether stored or kept on or off premises, including, but not limited to, each and every draft and/or version of electronic data compilations, computer disk and/or memory data, voice mail and/or answering machine recordings and information, E-Mail, voice mail and/or answer machine recordings and information, electronic bulletin board messages, computer back up files, books, memoranda, inter-departmental memoranda and other communications, pamphlets, records, letters, work papers, diaries, appointment books, calendars, microtapes, microfilms, microfiches, telegrams, cables, wire, correspondence, interoffice communications, reports, notes, minutes and recordings, plans, drawings, blueprints, sketches, charts, photographs, movies, tape recordings, electronic tape recordings, video-tape republished material of any kind, travel reports and vouchers, expense recordings, stenographically or otherwise reproduced items, assignments, contracts, agreements and other official documents and legal instruments, accounts and vouchers, ledgers, financial statements, reports of worksheets, schedules, inventories, invoices, checks, receipts, files, incident or investigation reports, proposals, billings, feasibility studies, plans, estimates and projections now or at any time in your possession, custody or control and/or any of your agents, employees, attorneys or affiliates; and refers both to originals and copies and to documents which you may have delivered to a third party.

2.    "You" means Merit Title and your employees, agents, attorneys, successors or assigns.

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      All documents you referred to or relied upon in preparing your responses to Lawyers

Title's Interrogatories.

RESPONSE:

2.      All documents you identified in your responses to Lawyers Title's Interrogatories to

you.

RESPONSE:

3.      Any statement(s) made by Lawyers Title to you, your counsel or any of your

employees or agents regarding the subject matter of this litigation.

RESPONSE:

4.      All documents you will seek to introduce into evidence at the trial of this case.

RESPONSE:

5.      All documents referred to, relating to, or in any way concerning the matters

alleged in your Complaint or Answer in this matter.

RESPONSE:

Request for Documents (Hopkins).wpd                7

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

6.    All documents relating to your denial of the allegations in paragraph 20 of the Complaint.

RESPONSE:

7.    All documents relating to your denial of the allegations in paragraph 21 of the Complaint.

RESPONSE:

8.    All documents relating to your denial of the allegations in paragraph 22 of the Complaint.

RESPONSE:

9.    All documents relating to your denial of the allegations in paragraph 23 of the Complaint.

RESPONSE:

10.    All documents relating to your denial of the allegations in paragraph 25 of the Complaint.

RESPONSE:

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

11.    All documents relating to your denial of the allegations in paragraph 26 of the
       Complaint.

RESPONSE:

12.    All documents relating to your denial of the allegations in paragraph 27 of the
       Complaint.

RESPONSE:

13.    All documents relating to your First Affirmative Defense.

RESPONSE:

14.    All documents relating to your Second Affirmative Defense.

RESPONSE:

15.    All documents relating to your Third Affirmative Defense.

RESPONSE:

16.    All documents relating to your Fourth Affirmative Defense.

RESPONSE:

17.    All documents relating to your Fifth Affirmative Defense.

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.        Civil Action No. 1:08-CV-00275

RESPONSE:


18.    All documents relating to your Sixth Affirmative Defense.

RESPONSE:



19.    All documents relating to your Seventh Affirmative Defense.

RESPONSE:



20.    All documents relating to your Eighth Affirmative Defense.

RESPONSE:



Respectfully submitted,


/s/- Raighne C. Delaney
Raighne C. Delaney, #454761
BEAN, KINNEY & KORMAN, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
(703) 525-4000
(703) 525-2207 (Fax)

Counsel for Plaintiff
Lawyers Title Insurance Corporation

Lawyers Title Insurance Corporation v. Merit Title Company, LLC., et al.          Civil Action No. 1:08-CV-00275

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, a copy of the foregoing and annexed pleading was served by mailing a copy thereof by first class mail, postage prepaid, to:

Kenneth D. Bynum
Bynum & Jenkins, PLLC
901 North Pitt Street, Suite 320
Alexandria, Virginia 22314
Counsel for Defendant

/s/- Raighne C. Delaney
Raighne C. Delaney

Request for Documents (Hopkins).wpd          11