UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LAWYERS TITLE INSURANCE CORPORATION | |
| Plaintiff, | |
| v. | Civil Action No. 1:08-cv-00275 |
| MERIT TITLE COMPANY, LLC, | |
| and | |
| BRENDA L. HOPKINS, | |
| Defendants. | |

**PLAINTIFF'S RULE 26(a)(2) DISCLOSURES
(DESIGNATION OF EXPERT WITNESSES)**

Plaintiff Lawyer's Title, by counsel, hereby sets forth its disclosures as required by Federal Rule of Civil Procedure 26(a)(2) and Appendix C of the Scheduling Order entered in this matter.

For the purpose of establishing that Defendant Brenda Hopkins and Merit Title were negligent in that they failed to exercise ordinary due care with regard to the underlying real estate transactions as set forth in the Complaint, Plaintiff designates as its expert witness the following:

1. Mr. Arthur F. Konopka, Esq.
   4530 Wisconsin Avenue NW
   Suite 200
   Washington, DC 20616

Mr. Konopka is an expert in the fields of real estate law, real estate transactions, title insurance, real estate settlements, escrow proceedings, and standards of care. A description of Mr. Konopka's qualifications is set forth in the attached report, which is incorporated herein by

reference in Exhibit A.

Mr. Konopka is expected to testify based upon his knowledge, experience, and review of the pertinent facts in this case, as to the duties of care owed by Brenda Hopkins and Merit Title in connection with the mortgage loans closed for SFC, LLC ("SFC") and Southern Management Corporation Retirement Trust ("SMC") ("Mortgage Loans"). Mr. Konopka is expected to testify that Brenda Hopkins and Merit Title owed and breached duties of care to SFC and SMC in connection with the Mortgage Loans, and that Merit owed and breached duties of care to Lawyers Title pursuant to an issuing agency contract between Lawyers Title and Merit Title. A complete statement of Mr. Konopka's opinions and conclusions upon these matters, and the basis and reasons therefor, is set forth in the attached report, which is incorporated herein by reference as Exhibit A.

A list of the documents and information reviewed by Mr. Konopka in formulating his opinions is set forth in the attached report, which is incorporated herein by reference as Exhibit A.

A list of all cases which, during the previous four years, Mr. Konopka has testified or was deposed as an expert witness is set forth in the attached report, which is incorporated herein by reference as Exhibit A.

Mr. Konopka is retained for his study and testimony of the case in the case an hourly basis at $325.00 per hour. Mr. Konopka's compesnation is predicated on the time spent on the matter and is not contingent on any outcome of the case.

Respectfully submitted,

<u>/s/ - Raighne C. Delaney</u>
Raighne C. Delaney, D.C. Bar # 454761
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, VA 22201
(703) 525-4000
Fax: (703) 525-2207
rdelaney@beankinney.com
Counsel for Plaintiff

<u>Certificate of Service</u>

    I hereby certify that a copy of the foregoing pleading was served by facsimile and by U.S. mail, first class mail, postage prepaid, this 29th day of August, 2008, on:

> Kenneth D. Bynum
> BYNUM & JENKINS, PLLC
> 901 N. Pitt Street
> Suite 320
> Alexandria, VA 22314-2662
> (703) 549-7211
> Fax: (703) 549-7701
> kbynum@bynumandjenkinslaw.com
> Counsel for Defendant

                                        <u>/s/ - Raighne C. Delaney</u>
                                        Raighne C. Delaney

United States District Court, District of Columbia.
LAWYERS TITLE INSURANCE CORP., Plaintiff
v.
MERIT TITLE CO., LLC, *et al*, Defendants
Civil Action No. 08-00275 (HHK)

Expert Report of Arthur F. Konopka, Esq. on Standards of Conduct, Responsibility and Liability in the Settlement of Real Estate Transactions, and Issuance of Title Insurance.

**Name of Expert:** Arthur F. Konopka, Esq.
**Area of Expertise:** Real Estate Law, Real Estate Transactions, Title Insurance, Real Estate Settlements, Escrow Proceedings, Standards of Care.
**Case Type:** Breach of Agency Contract with Title Insurance Company, Standard of Care Owed to Parties to Real Estate Settlements, and to Title-Insured Lenders, particularly as their rights may appear when subrogated to the Title Insurance Company.
**Jurisdiction:** D.D.C.
**Representing:** Plaintiff

I. INTRODUCTION

I have been asked by the law firm of Bean, Kinney & Korman, P.C. to render opinions concerning duties owed by Defendants Merit Title Company, LLC ("Merit") and Brenda L. Hopkins ("Hopkins") in connection with mortgage loans closed for SFC, LLC ("SFC") and Southern Management Corporation Retirement Trust ("SMC"). Merit owed duties to Lawyers Title Insurance Corporation "Lawyers Title") pursuant to an issuing agency contract between Lawyers Title and Merit. Merit, as settlement agent, and Hopkins as attorney, each owed duties to SFC and SMC in connection with the closings. Pursuant to Bean, Kinney & Korman's instructions, I have assumed that Lawyers Title is subrogated to SFC's and SMC's causes of action against Merit Title and Hopkins for breach of those duties.

II. QUALIFICATIONS

Arthur F. Konopka
Born 1940, Milwaukee, Wisconsin

Education:
Classical BA Creighton University, 1961
Arbiture Diplom, Goethe Institute, Munich, 1962
Juris Doctor, Columbia University, 1965

Bar Admission:
New York, 1966, not active.
Florida, 1967, not active.
District of Columbia, 1970
Maryland, 1981

Professional Employment:

1966-1971, Attorney, Office of General Counsel, National Aeronautics and Space Administration, Kennedy Space Center and
NASA Headquarters, Washington, DC. Employment covered a broad range of responsibilities including acquisition of real estate and related matters.

1971-1981, Program Director, National Science Foundation. Appointed to Senior Executive Service. Employment covered a broad range of management responsibilities and research supervision, including direction of research on real property regimes, real estate, analysis of real estate transactions.

1981-Present, Private Practice, Law Offices of Arthur F. Konopka, with offices in Washington, DC. The practice specializes in real estate transactions and probate proceedings including the settlement of sales and refinances of residential property. Personal experience includes settlement of over 10,000 cases and the supervision of the settlement of a number substantially in excess of that.

Agent and Approved Attorney for:
First American Title Insurance Company
Lawyers Title Insurance Company

State of Maryland and District of Columbia Licensed Instructor of Real Estate Broker and Agent continuing education courses.

Member:
District of Columbia Bar Association
    Real Estate and Probate Sections
      Co-Chair, Steering Committee for Real Estate, Housing and Land Use
        Section
Maryland Bar Association
    Real Estate and Probate Sections
Montgomery County Maryland Bar Association
    Real Estate Section
America Bar Association
    Real Property and Probate Section
Greater Capital Area Association of Realtors (GCAAR)
    Member, Contract and Clause Committee
Maryland Association of Realtors.

Qualified as an expert witness in real estate and probate matters in the following Courts:
    U. S. District Court, Washington, DC
    U. S. Bankruptcy Court, Washington, DC
    Superior Court, District of Columbia
    Circuit Court, Montgomery County, Maryland

District Court, Montgomery County, Maryland

Retained as an expert witness in approximately seventeen cases.

Within the last four years, testified or was deposed in the following cases:

1. <u>2345 Champlain, LLC v. Goose Creek, LLC</u>, DC Superior Court 05 CA 003547. Testified.

2. <u>Georgetown Park Associates II, Limited Partnership Plaintiff v. Eastbanc, Inc and Anthony M. Lanier</u>, 2006 CA 008154 B   Superior Court of the District of Columbia. Deposed.

3. <u>Chicago Title v. Vanguard Title</u>, Circuit Court for Montgomery County, Maryland, Case No. 272790-V. Deposed.

III. COMPENSATION

I am retained on an hourly basis at $325.00 per hour. Compensation is predicated on the time spent on this matter and is not contingent on any outcome of the case.

IV. DOCUMENTS REVIEWED

In drafting this report, I reviewed the following material:

1. Complaint and the Exhibits thereto.

2. Amended Memorandum Opinion and Order of Henry H. Kennedy, Jr., United States District Judge, Dated April 17, 2008, and the attachments thereto.

3. Plaintiffs' Memorandum of Points and Authorities Supporting their Renewed Motion for Partial Summary Judgment in D. C. Superior Court case, Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

4. Opposition to Defendant's Motion Craving Oyer and Demurrer, Southern Management Corp., et al v. Lawyers Title Insurance Corp. Circuit Court for Fairfax County, Virginia, Case No. 07-14017.

5. Plaintiff's Rule 26(B)(4) Statement, Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

6. Plaintiff's Memorandum of Points and Authorities Supporting Their Motion for Partial Summary Judgment, Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

7. Transcript of Deposition of Defendant Brenda Hopkins taken in Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890 and two letters transmitting same.

8. Plaintiff's Motion for Partial Summary Judgment, Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

9. Plaintiff's Memorandum of Points and Authorities Supporting Their Motion for Partial Summary Judgment, Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

10. Appendix to Plaintiffs' Memorandum of Points and Authorities Supporting Their Motion For Partial Summary Judgment, Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

11. Plaintiffs' SCR Rule 12-I(k) Statement of Undisputed Material Facts, Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

12. Proposed Order and Letter of Transmittal to Clerk of Court for Plaintiff's Motion for Partial Summary Judgment, Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

13. Transcript of Meeting of Creditors In Re Steve Hetrick, Svetlana Hetrick, Case No. 06-00054RGM Chapter 11, U.S. Bankruptcy Court, Eastern District of Virginia.

14. Deposition of Mr. Marc F. Trost, dated January 4, 2007, taken in Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

15. Deposition of Josie Tucker, dated February 27, 2007, taken in Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

16. Deposition of Eugene Tucker, dated February 27, 2007, taken in Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

17. Proposed Order Granting Motion for Partial Summary Judgment in Tucker, *et al*, v. Swain, *et al*, Case No. 05-0004890.

Note: Many of the referenced documents have appended and incorporated therein Exhibits, which I have reviewed but have not listed separately.

I have neither relied upon nor prepared any other written materials nor reports in forming my opinions, however I am an attorney with a regular practice in the area of law which is concerned in this matter and have a familiarity with the law and its sources in this area.

Further, I will also rely upon all evidence, testimony, and discovery materials in this case, and reserve the right to rely on any filings made subsequent to this Statement and upon further information developed herein in Discovery, and to supplement this statement if necessary.

V. OPINIONS

1. Merit and Hopkins, as settlement agents and/or settlement attorney, owed duties to SFC and SMC in closing a $200,000 loan from SCF to David W. Swain and in a simultaneous closing of a $500,000 loan from SMC to David W. Swain ("Swain"), secured by deeds of trust that were intended to be first and second priority liens on the property at 1819 10th Street, N.W., Washington, D.C. (the "Property").

2. Defendants failed to exercise ordinary care, in accordance with the standards of practice applicable to real estate settlement agents and, in as to Hopkins, a real estate settlement attorney, in closing the two loans. Swain's title to the Property derived from a forged deed to his seller, Lion Real Estate Development & Management, LLC ("Lion"). As a consequence of this forgery, the deeds of trust did not constitute good liens on the Property. The context of the settlements revealed sufficient warning signs so that a settlement agent or attorney, acting with ordinary care in accordance with standards applicable to settlement agents and attorneys, would not proceeded to settlement unless or until those questionable issues had been resolved. Among the issues which were present and raised warning signs that the title might not be good of record were—
    a. personal identification produced by signatories at settlement by which Lion acquired the Property were fraudulent
    b. only one form of identification was produced by the sellers in the transaction by which Lion had acquired the Property.
    c. the transactions taken as a whole bear all the indicia of a classic "flip" transaction with the settlement of the Lion-to-Swain transaction occurring within three months after Lion's purported acquisition of the Property, and with the price rising more than 700% during that time.
    d. the original title to Mr. Tucker was predicated upon his being the surviving tenant by the entirety of his wife, Bertha, but no suitable evidence was elicited to show the passing of Bertha and that the person presenting himself was her surviving spouse
    e. clear title was further predicated on releases of two outstanding deeds of trusts, which were recorded just ten days before the settlement and provided to the settlement attorney by the purchaser, not by the lenders involved. On their face the releases are flawed and clearly not professionally prepared as would be expected from institutional lenders
    f. settlement statements of both settlements conducted by defendants show payments to parties other than just the buyer and seller whose payment suggests an action being taken by a group whose interests were not disclosed to the settlement attorney but concerning which the settlement attorney should have inquired.
    g. the $52,000 "seller's closing credit" on the Lion-to-Swain transaction was suspicious.

2. Defendants breached their duty to Lawyers Title Insurance Corp. pursuant to their agency contract with Lawyers in at least two material ways:
    a. The sales price and title insurance requested in the second settlement exceeded the dollar amount of the authority of defendant to issue title insurance binding the title insurer. Defendants were required to report accurately to the title insurer the status of the

5

title and of the settlement transaction, and to receive approval from the title insurer, neither of which obligations were met by Defendants.

    b. Because title was insured in the trustee's of lenders where no good title vested, Plaintiff suffered substantial losses under it obligations as a title insurer. Defendants were directly responsible for those losses and Plaintiff, pursuant to the relevant provision of the Agency Agreement, has made herein, a claim for compensation and indemnification for those expenses. Pursuant to the Agency Agreement, Defendant is entitled to this compensation and indemnification.

3. Because Swain did not own the Property, the deeds of trust in favor of SFDC and SMC were not valid liens on the Property. Because the liens were invalid, SFC and SMC sustained losses on the loans to Swain. The losses sustained by SFC and SMC were directly and proximately caused by Hopkins's and Merit's breach of their duties as settlement agents and, in Hopkins's case, as settlement attorney.

4. Merit owed duties to Lawyers Title pursuant to the issuing agency agreement between Lawyers Title and Merit.

5. Merit breached its duty to Lawyers Title pursuant to its contract with Lawyers in at least two material ways:

    a. The sales price and title insurance requested in the second settlement exceeded the dollar amount of the authority of Merit to issue title insurance binding the title insurer. Merit was required to request permission to proceed with a higher-than-limits settlement by reporting accurately to the title insurer the status of title and of the settlement transaction, ad to receive approval from the title insurer to proceed, neither of which obligations were met by Merit.

    b. Merit failed to act with ordinary care in accordance with the standards applicable to title insurance agents because a title insurance agent, acting with ordinary care, would not have issued title insurance policies insuring the titles under SFC's or SMC's deeds of trust without first investigating the warning signs described in Paragraph 1 above.

6. As a result of Merit's breach of its duties under the agency agreement, Lawyers Title was obligated to indemnify SFC and SMC for losses sustained on their loans to Swain. Merit is directly responsible for those losses and Plaintiff, pursuant to the relevant provision of the issuing agency contract, has made herein , a claim for compensation and indemnification for those expenses. Pursuant to the issuing agency agreement, Lawyers Title is entitled to this compensation and indemnification.

IV. CONCLUSION

Based on my understanding and experience in conducting real estate settlements and issuing title insurance pursuant to standard title insurance agency agreements, it is my opinion that Defendants did not perform the settlements concerning the Property in accordance with the standards of ordinary care applicable to settlement agents, or, in

Hopkins's case, settlement attorneys, and that Merit failed to exercise the standard of ordinary care required of a title insurance agent.

Respectfully submitted

Arthur F. Konopka, Esq.